**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Garcia, ) | No. CV-12-0840-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Honeywell International Inc.; Honeywell ) | |
| Aerospace de Mexico SA de CV, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

The court has before it defendant Honeywell International Inc.'s motion to dismiss (doc. 17), plaintiff's response (doc. 18), and defendant's reply (doc. 19).

**I**

Plaintiff worked for Honeywell Aerospace De Mexico ("Honeywell Mexico") in Mexicali, Mexico, reporting to Frank Muscolino, director of service sales based in Phoenix, Arizona. He was employed from July 2007 until June 9, 2009, when his employment was terminated. He returned to Honeywell Mexico for one day on March 16, 2010, to discuss reinstatement or a severance payment. Complaint ¶ 40. The parties were unable to reach agreement and plaintiff was escorted from the facility. Id.

On April 23, 2012, plaintiff filed this action against Honeywell International, a Delaware corporation, and Honeywell Mexico, a "Mexican entity." He alleges in Counts 1

through 5 claims for discrimination, harassment, retaliation, unlawful employment practices, and wrongful termination under Title VII. In Count 6, he asserts a claim for intentional infliction of emotional distress. Defendants argue that plaintiff's Title VII claims must be dismissed because plaintiff failed to exhaust his administrative remedies, and that Count 6 must be dismissed for failure to state a claim.

## II

Before bringing a Title VII action, a plaintiff must exhaust the administrative remedies available under 42 U.S.C. § 2000e-5. Section 2000e-5(e)(1) requires that a charge of discrimination or retaliation be brought within 300 days of the discriminatory or retaliatory act.

Plaintiff filed his EEOC charge on December 25, 2010.[1] Therefore, plaintiff's claims are barred to the extent they are based on any act that occurred before February 28, 2010. Defendants argue that the complaint is devoid of any allegations of discriminatory or retaliatory conduct that occurred within the requisite time period. We agree.

Plaintiff purports to bring Title VII claims based on his termination in June 2009, as well as events that occurred before his termination. He does not allege that any discriminatory or retaliatory conduct occurred after February 28, 2010. Although he alleges that he met with defendants on March 16, 2010 to discuss reinstatement or severance pay, there are no allegations of discrimination associated with this meeting. Complaint ¶ 40. Plaintiff's filing of a complaint with the Mexican labor board, see Response at 2, does not satisfy the Title VII exhaustion requirement. Because plaintiff did not timely exhaust his administrative remedies, his Title VII claims are barred. Counts 1 through 5 are dismissed.[2]

---

[1] Plaintiff asserts in his response to the motion to dismiss that he filed his EEOC complaint on November 12, 2010. Response at 3. The difference in date does not affect our analysis.

[2] Plaintiff labels Count 5 as "Wrongful Termination/Breach of Contract/Back Pay/Title VII." To the extent that he is attempting to assert a state law wrongful termination claim, the claim is barred by the one-year statute of limitations in A.R.S. § 12-541(3), (4).

**III**

Defendant also argues that plaintiff's claim of intentional infliction of emotional distress ("IIED") is barred by the two-year statute of limitations. Under Arizona law, an IIED claim must be brought within two years of the act giving rise to the claim. A.R.S. § 12-542. Defendant contends that the complaint does not allege any conduct occurring within the limitations period that could support an IIED claim. Plaintiff filed the complaint on April 23, 2012. Therefore, any conduct supporting his IIED claim must have occurred after April 23, 2010 to fall within the statute of limitations. It is undisputed that plaintiff was not employed by Honeywell Mexico after June 9, 2009.

Even if plaintiff had timely filed his IIED claim, the allegations in the complaint are insufficient as a matter of law to state a claim. In order to state an IIED claim, the plaintiff must show that defendant's acts were "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Mintz v. Bell Atl. Sys. Leasing Int'l Inc., 183 Ariz. 550, 553-54, 905 P.2d 559, 562-63 (Ct. App. 1995) (stating that it is "extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of [IIED]"). The allegations in the complaint cannot be characterized as either extreme or outrageous. Count 6 is dismissed for failure to state a claim.

**IV**

**IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 17). Because no amendment could remedy the exhaustion or statute of limitations defects, the complaint is dismissed with prejudice.

DATED this 4th day of October, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge